Curia, pier
Colcock, J.
In this case we are informed that the question intended to have been submitted to the chancellor was, whether *568 the property given by the testator to the children of his brother Josias Heyward, was made chargeable with the payment of a portion of the pecuniary legacies given in the first clause of the will to the testator’s niece and nephews, and not whether it was chargeable with the payment of the debts. I think the chancellor has in effect decided the question, as it is clear to my mind, that the testator means to say, that the negroes left by him to the children of Josias Heyward are left free of all incumbrance, and he most clearly says, that the pecuniary legacies are to be paid by those who are charged with the payment of the debts, either considering the legacies as debts or supposing that the testator meant them so to be considered. In the result, however, we. concur with the chancellor. For the words used in the first clause of the will are certainly sufficient to charge his estate generally with the payment of the pecuniary legacies, independently of the words used in the subsequent clauses as to the payment of the debts. The only question then would be, are the words used in the codicil in re-Ltio11 t0 the *bequest to Josias Heyward’s children, such as to exempt their legacy from the operation of the general words used in the first clause; and this I think was the intention of the testator. His estate was a very large one, and the bequest to Josias’ children (in comparison to the -whole) a mere pittance. Sensible of this, and no doubt well recollecting the charge which he had made on his whole estate for the payment of the five thousand pounds to his nephews and niece in the first clause, and also of the infant state of these children, he says, “I do request and enjoin upon my executors named in my will aforesaid, that they do with their best discretion employ the labor of the said negroes during the minority of the said children of the said Josias Heyward, and apply the profits of the same to the benefit and advantage of the said Charlotte, Daniel, Thomas, and Joanna Heyward.” Now, here is an express application of the profits of the labor of these negroes, which is utterly inconsistent with the general charge made on the whole estate to pay the £5,000, and being found in the last of the will, must be considered as intended to exempt this legacy from contributing in any degree to the payment of that sum. The decree is affirmed, and the defendants ordered to account to the children of Josias Heyward for the whole amount of the proceeds of the labor of the slaves bequeathed to them. But it has been further contended in behalf of the children of William Heyward, that if there be any residuary estate, that estate is subject to the payment of the pecuniary legacies, because the devise and legacy to the children of William is specific. And also that they are entitled to an account in order to enable them to decide on the propriety of the executors having kept the estate five years for the payment of the pecuniary legacies, when it is clear that the testator thought they might be paid in three. The court are of opinion, that it is proper these *matters be referred to the commissioner to report upon. If there be a residuum, it is liable to the payment of these pecuniary legacies, and if there be none, and the income of the estate for three years was sufficient to pay them, then the executors should account to the children of William Heyward for the rents and profits of their portion of the estate for the two last years.

Decree affirmed.